UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

North American Company                                  Case No. 3:20-cv-2027
for Life and Health Insurance,

        Plaintiff,

    v.                                                              MEMORANDUM OPINION
                                                                        AND ORDER

Rebecca McGee Crowell, et al.,[1]

        Defendants.

## I. INTRODUCTION

On September 9, 2020, Plaintiff North American Company for Life and Health Insurance filed a Complaint against Defendant Rebecca McGee Crowell[1] seeking recission of a life insurance policy under Ohio Revised Code § 3911.06 (Count 1), and for declaratory judgment that the life insurance policy was void *ab initio* (Count 2). (Doc. No. 1). Currently pending is Plaintiff's Motion for Default Judgment. (Doc. Nos. 15 & 16). For the reasons stated below, the motion is denied, and the case is dismissed without prejudice for lack of standing and jurisdiction.

## II. BACKGROUND

On July 11, 2019, Plaintiff issued a $100,000 life insurance policy (Policy No. XXXXXX3730) to Kevin Crowell, Defendant's husband. (Doc. No. 1 at 2). To obtain this coverage, Mr. Crowell answered "no" to the following questions: (1) whether he had ever been convicted of a felony; and (2) whether he had used tobacco or nicotine products within the last 12

---

[1] Plaintiff also sued C. Brown Funeral Home Inc., an assignee of a portion of the life insurance proceeds. C. Brown Funeral Home Inc. was dismissed from the case with prejudice on December 8, 2020. (*See* Doc. Nos. 11 & 12).

months. (*Id.* at 2-3). Mr. Crowell then certified his answers on the application were "complete and true to the best of my knowledge and belief…." (Doc. No. 1 at 3; Doc. No. 1-1 at 18). Based on these representations, Plaintiff issued the Policy. (Doc. No. 1 at 3).

Mr. Crowell died on August 28, 2019, and Defendant submitted a claim on the Policy on or about August 29, 2019. (*Id.* at 4). Because the claim was brought within two years of the Policy's effective date, Plaintiff initiated a contestability investigation and discovered Mr. Crowell had misrepresented both his criminal and medical histories. (*Id.* at 4-5). As a result of these false statements, Plaintiff brought the instant suit.

On September 9, 2020, Plaintiff sent the Complaint and Notice of Lawsuit and Request to Waive Service of Summons to Defendant. (Doc. No. 3). Defendant signed the Waiver of Service of Summons on October 27, 2020 (Doc. No. 8), and thus, her responsive pleading was due November 9, 2020. Prior to receiving Defendant's waiver, the Clerk of Court sent, by certified mail, the Complaint and Summons to Defendant, which was delivered on November 2, 2020, (Doc. No. 10), and required a responsive pleading by November 23, 2020. Defendant did not timely file a responsive pleading.

On December 10, 2020, Plaintiff applied to the Clerk for entry of default pursuant to Fed. R. Civ. P. 55(a), which was entered on December 15, 2020. (Doc. Nos. 13 & 14). A copy of the default entry was mailed to Defendant the same day. In March 2021, Plaintiff moved for default judgment against Defendant. (Doc. Nos. 15 & 16). To date, Defendant has not filed anything.

### III. ANALYSIS

Before I reach the merits of Plaintiff's motion, I must determine whether this matter presents an actual controversy sufficient to exercise jurisdiction under the Declaratory Judgment Act. *See* 28 U.S.C. § 2201. "The 'actual controversy' requirement under the Declaratory Judgment Act is coextensive with Article III's case or controversy requirement." *Hayden v. 2K Games, Inc.*, 375

F. Supp.3d 823, 829 (N.D. Ohio 2019). Therefore, federal courts must ensure that all suits, including those seeking a declaratory judgment, satisfy the long-standing justiciability requirements, such as standing. *See Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279-80 (6th Cir. 1997). Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The party invoking federal jurisdiction bears the burden of establishing [standing]." *Id.* at 561.

A plaintiff has standing to bring an action if they have: (1) suffered an injury-in-fact that is (a) concrete and particularized and (b) actual or imminent, not hypothetical or conjectural; (2) that is fairly traceable to the defendant's allegedly unlawful conduct; and (3) that is likely to be redressed by the requested relief. *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 962 (6th Cir. 2009). In the context of declaratory judgment, the plaintiff "must show actual present harm or a significant possibility of future harm…." *Magaw*, 132 F.3d at 279.

Here, Plaintiff failed to establish the existence of either. While the Complaint alleges Defendant made a claim on the Policy, there is no further evidence that Defendant continues to seek recovery. For example, there are no allegations she challenged Plaintiff's denial of benefits after the contestability investigation nor that she actively sought to enforce the Policy in either this or another forum. At best, its Complaint seeks a determination regarding a speculative harm, contingent upon Defendant, at some point in the future, seeking to enforce the Policy. *See Louisville City Sch. Dist. Bd. of Educ. v. Ohio Ass'n of Pub. Sch. Emps.*, No. 5:19-cv-1509, 2020 WL 1930131, at *5-6 (N.D. Ohio Apr. 21, 2020) (dismissing for lack of standing when school board's alleged injury was a potential future lawsuit because "such a suit is purely conjectural and is not sufficiently concrete to confer federal jurisdiction."). This alleged future harm is insufficient to establish standing.

Consistent with that finding, this matter does not present an actual controversy. The test to determine if a case presents an actual controversy is "'whether the facts alleged, under all the

circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Detroit, Toledo & Ironton R.R. Co. v. Consol. Rail Corp.*, 767 F.2d 274, 279 (6th Cir. 1985) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)) (further citation omitted). A controversy is sufficiently immediate when "one or both of the parties have pursued a course of conduct that will result in imminent and inevitable litigation unless the issue is resolved by declaratory relief." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.,* 465 F. Supp.2d 827, 831 (N.D. Ohio 2006) (quoting 12 James W. Moore, Moore's Federal Practice, § 57.22(2)(c) (3d ed. 2003)).

  The instant matter lacks an actual or sufficiently immediate controversy. There is nothing currently pending in state court that could give rise to liability on behalf of Plaintiff. Further, there is no indication Defendant is actively seeking to enforce the Policy or has imminent plans to litigate Plaintiff's denial, as also evidenced by her failure to participate here. The current litigation can hardly be viewed as inevitable where there is no suggestion Defendant intends to pursue her rights under the Policy.

  Because there is no evidence Defendant will likely undertake any action in the immediate future, Plaintiff's potential liability rests on a factual situation that may never occur. Therefore, "the likelihood of the controversy becoming real is too remote, and there is not sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Am. Zurich Ins. Co.,* 465 F. Supp.2d at 832. At present, this matter does not demonstrate a real controversy, and I decline to render a purely academic opinion on the enforceability of the Policy. *See Safeco Ins. Co. v. Lewis*, NO. 4:07 CV 3709, 2008 WL 207705, at *2 (N.D. Ohio Jan. 24, 2008) (dismissing insurer's declaratory judgment action for lack of standing and jurisdiction where no live controversy existed between insurer and insured).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment is denied. (Doc. No. 15). This case is dismissed without prejudice for lack of standing and jurisdiction.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge