UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

North American Company
for Life and Health Insurance,   Case No. 3:20-cv-2027

        Plaintiff,

   v.   MEMORANDUM OPINION
       AND ORDER

Rebecca McGee Crowell, *et al.*,

        Defendants.

## I. INTRODUCTION

On September 9, 2020, Plaintiff North American Company for Life and Health Insurance filed a Complaint against Defendant Rebecca McGee Crowell[1] seeking recission of a life insurance policy under Ohio Revised Code § 3911.06 (Count 1), and for declaratory judgment that the life insurance policy was void *ab initio* (Count 2). (Doc. No. 1).

On July 11, 2019, Plaintiff issued a $100,000 life insurance policy to Kevin Crowell, Defendant's husband. (Doc. No. 1 at 2). In applying for a policy, Mr. Crowell was required to answer a series of questions and certify that his answers were truthful. (Doc. No. 1 at 3; Doc. No. 1-1 at 18). Based on these representations, Plaintiff issued the Policy. (Doc. No. 1 at 3). Mr. Crowell died on August 28, 2019, and Defendant submitted a claim on the policy on or about August 29, 2019. (*Id.* at 4). Because the claim was brought within two years of the policy's effective

---

[1] Plaintiff also sued C. Brown Funeral Home Inc., an assignee of a portion of the life insurance proceeds. C. Brown Funeral Home Inc. was dismissed from the case with prejudice on December 8, 2020. (*See* Doc. Nos. 11 & 12).

date, Plaintiff initiated a contestability investigation. (*Id.* at 4-5). In the course of that investigation, Plaintiff concluded Mr. Crowell had made material misrepresentations in his application. Plaintiff then brought the instant suit.

On July 26, 2021, I denied Plaintiff's motion for default judgment and dismissed the matter without prejudice for lack of standing and lack of an actual controversy to satisfy an exercise of the Court's jurisdiction under the Declaratory Judgment Act. (Doc. No. 17). On August 23, 2021, Plaintiff filed a motion to amend the judgment pursuant to Fed. R. Civ. P. 59(e), requesting relief under a theory of clear error of law or manifest injustice. (Doc. Nos. 19 & 20). Defendant did not respond to the motion nor has she participated in any manner in this litigation, absent executing a waiver of service on October 27, 2020. (*See* Doc. Nos. 8 & 17).

## II.  STANDARD

The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to allow the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1989) (citation and quotation marks omitted). Generally, three major situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to consider newly discovered evidence; or (3) to prevent a clear error of law or a manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). But Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC,* 477 F.3d 383, 395 (6th Cir. 2007). Rather, a motion to alter or amend is proper only if it calls to the court's attention "an argument or controlling authority that was overlooked or disregarded in the original ruling, presents manifest evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law."

*Turner v. City of Toledo*, 671 F. Supp. 2d 967, 969 (N.D. Ohio 2009) (citation and quotation marks omitted).

### III. ANALYSIS

Plaintiff first argues it was required to file this lawsuit by Ohio law and thus, dismissal was a clear error of law. (Doc. No. 20 at 10). The source of this alleged mandate is the holding in *John Hancock Mut. Life Ins. Co. v. Snyder*, which concluded that an insurer must act, either affirmatively or defensively, within the contestability period to preserve its defenses to the policy's enforceability. 3 N.E.2d 898, 900-01 (Ohio Ct. App. 1935). But this case has not been good law since 1973.

In *Ginley v. John Hancock Mut. Life Ins. Co.*, the court found that the legislature's enactment of Ohio Rev. Code § 3915.05, which required the inclusion of certain clauses in insurance policies, was intended to address the issue raised by the *Snyder* opinion and "thereby protect the contractual rights of both the insured and the insurer under the incontestable provisions of the insurance policy." 296 N.E.2d 839, 841-42 (Ohio Ct. App. 1973). The *Ginley* court held:

> When the language of a life insurance policy contains such an incontestability clause and the insured dies prior to the two-year period required in the policy, the running of the limitation period is tolled, and the insurance company is permitted to assert any available defense against an action to recover benefits provided therein.

*Id.* at 840. Thus, Plaintiff was not required by Ohio law to file the instant suit to preserve its defenses to a potential future action, as such defenses were already subject to tolling by virtue of the insured's death within the contestability period.

Next, in arguing it satisfied the jurisdictional requirements, Plaintiff cites to three other district court opinions from across the United States that addressed similar claims for declaratory judgment on a policy's enforceability, but two of the three opinions cited do not address the "actual controversy" requirement for jurisdiction under the Declaratory Judgment Act. (*See* Doc. No. 20 at 12). And while the third does conclude an actual controversy existed for jurisdictional purposes,

3

such a conclusion does not constitute controlling authority nor indicate that I committed a clear error of law.

Plaintiff next turns to *Aetna Life Ins. Co. v. Haworth*, to support its assertion it has adequately raised an actual controversy. 300 U.S. 227 (1937). In *Aetna*, the Supreme Court reversed the lower courts' decisions to dismiss an insurer's declaratory judgment action finding an actual controversy existed. 300 U.S. at 244. Yet, *Aetna* is distinguishable by its facts. Unlike in this matter, the insured in *Aetna* repeatedly renewed his claim for benefits, including sending affidavits to the insurer, challenging its position that the life insurance policies at issue were no longer enforceable. *Id.* at 237. Additionally, the insured in *Aetna* was still alive throughout the litigation. Thus, Aetna argued, unless it resolved the issue of whether the policies were still valid, it may not have another chance to determine its potential liability until the insured died, an event that may not occur for years. *See Aetna Life Ins. Co. v. Haworth*, 84 F.2d 695, 696-97 (8th Cir. 1936). The same concern is not present here, as the insured is already deceased, and thus, there is a date certain – the expiration of the statute of limitations – upon which Plaintiff's potential liability will be finally resolved.

In sum, I conclude Plaintiff has not proven a clear error of law occurred or that it will face a manifest injustice by a dismissal of this case without prejudice. *See York v. Lucas Cnty., Ohio*, No. 3:13 CV 1335, 2014 WL 1051214, at *1 (N.D. Ohio Mar. 17, 2014) ("'Unless the parties can convince this Court that the standards described above have been met . . . this Court strongly believes that the parties ['] energies can be better served by pursing their re-arguments at the proper time on appeal. Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling.'") (quoting *Meekison v. Ohio Dep't of Rehab. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)).

The record indicates Defendant has abandoned any claim to the policy's proceeds. But if Defendant at some later date seeks to enforce the policy, Plaintiff's incontestability defenses remain preserved and tolled. The decision to exercise jurisdiction to resolve a declaratory judgment action

4

involves "'substantial discretion'" and I cannot conclude that this matter warrants an exercise of discretion due to the lack of a sufficiently immediate controversy. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995)).

### IV. CONCLUSION

Accordingly, I deny Plaintiff's motion to amend or alter the judgment. (Doc. No. 19).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge